GebbN, J.
delivered the opinion of the court.
This .petition for mandamus, is filed by the defendant, Fleming, to compel the surveyor of Obion county to survey an entry to which the relator is. entitled, so as to include the quantity of land called for.
■ The entry of the relator is No. 1, dated the 1st September, 1836, made by virtue of certificate 3,379, issued by the commissioners of West Tennessee,'the 24th of August, 1833, and calls to be in the county of Obion, between the Reelfoot lake and the Mississippi river, in range 9, section 7 and 8, beginning at the north-east corner of a tract of 629a acres, entered in the name of Edward Harris; running south with the Harris line 226 poles to his corner; thence west with another line of Harris’ tract; thence south, thence east, thence north, &c., for complement. When the surveyor came to run out this entry, he was compelled to stop the first line running south at the end of 215 poles, because of the north boundary of Miller’s survey, an older claim. The next call for west could not be run because of older claims, and for the same reason *500 the third call for south could not be run; so that at the end of 215 poles, the termination of the first line, the surveyor was compelled to run the second line east, which terminated on the west bank of Reelfoot lake; he then run northwardly to a point due east from the beginning, and thence west to the beginning — thus including only 483 acres, instead of 640, the quantity called for. The land north of this survey was vacant at the date of the relator’s entry; but the surveyor refused to run further north than the point of beginning, because, before the survey, William Willis had settled on the vacant land north, and near the point at which relator’s entry began.
We are of opinion that Willis’s settlement formed no obstruction to the survey of the relator’s entry north, so as to include the quantity called for. That settlement was made after the entry of Fleming, who had a right to the quantity of land called for in his entry, unless he was restricted by older claims, natural boundaries, or the calls of his location. (2 Hay. & Cobb’s Rev. p. 64, sec. 3.) In this case, the relator was restricted by older claims, south and west, and by the lake on the east, so as to throw him upon the land north for his quantity; and as there is nothing in his entry restraining him from going north, it was the duty of the surveyor to extend his line north so as to obtain the quantity called for; for such running would have been in express compliance with the last call north, &c., for complement. The relator had a right to the quantity of land his entry calls for, which was vacant at its date, and which might be included by any proper mode of survey; and no subsequent claim could defeat that right.
Affirm the judgment.